UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEISHA ARNOLD, ET AL.                                                                                   PLAINTIFFS

VS.                                                                      CIVIL ACTION NO. 3:23-CV-267-DPJ-ASH

AVERY WILLIS, ET AL.                                                                                   DEFENDANTS

ORDER

Plaintiffs in this § 1983 case have moved to amend the case-management order [126], and Defendant Kenya McCarty filed a motion to stay the case pending resolution of the related criminal case against her [129]. As explained below, the Court grants the motion to stay and finds the motion to amend moot.

I.      Factual and Procedural History

This case arises from Keith Murriel, Jr.'s December 31, 2022 encounter with Defendants Avery Willis, Kenya McCarty, and James Land, officers with the Jackson Police Department. Plaintiffs say that Willis, McCarty, and Land repeatedly tased Murriel while he was on the ground and not resisting until he was nonresponsive. The officers then placed him in a prone position in the back of a police cruiser and delayed calling for medical assistance for about an hour. Murriel was eventually transported by ambulance to St. Dominic Hospital, where he was pronounced dead.

Plaintiffs sued Willis, McCarty, Land, and others on April 20, 2023. About a month later, on May 19, 2023, a Hinds County grand jury handed down an indictment charging McCarty with second-degree murder in the death of Murriel. Following extensive motion practice at the pleading stage in this case, the Court held a case-management conference with the parties on September 19, 2024. Following that conference, the Court set these deadlines:

- February 18, 2025: Plaintiffs' expert designations;
- March 20, 2025: Defendants' expert designations;
- May 20, 2025: Close of all discovery;
- June 3, 2025: Dispositive and *Daubert*[1] motions;
- October 10, 2025: Pretrial conference; and
- November 3, 2025: Trial setting.

Since entry of the case management order, some Defendants have served written discovery requests. But as of February 18, 2025—the deadline for their expert designations and three months before the discovery deadline—the docket contained no notice from Plaintiffs of having served any written discovery requests.[2] On that day, Plaintiffs moved to extend all case-management deadlines by between three and five months. Plaintiffs said Defendants Land and McCarty opposed the requested extension, and the Court entered a Text-Only Order directing that any response to Plaintiffs' motion be filed by February 24, 2025. No party responded. Instead, Defendant McCarty moved to stay this case "as to her until the criminal matter is resolved." Def. Mem. [130] at 2. Plaintiffs oppose McCarty's motion, which is now fully briefed.

II.     Analysis

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

[2] On closer inspection, the docket reflects that as of February 18, the City of Jackson had given notice it served *responses* to Plaintiffs' interrogatories and requests for production. *See* Nots. [127–28]. But there was no corresponding notice of service from Plaintiffs. It appears Plaintiffs had failed to comply with Local Rule 5(d)(3). On March 31, 2025, Plaintiffs belatedly filed a notice of service indicating they served written discovery requests on January 19, 2025. *See* Not. [136]. Responses to this discovery would have been due on the deadline for Plaintiffs' expert disclosures.

counsel, and for litigants." *Langiano v. City of Fort Worth*, 131 F.4th 285, 290 (5th Cir. 2025) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A federal court may "'defer[] civil proceedings pending the completion of parallel criminal prosecutions *when the interests of justice*' require." *Id.* (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)) (emphasis in *Langiano*). In considering whether to stay a civil case based on a parallel criminal case, the Court "must weigh competing interests and should only grant a stay when special circumstances exist, such as the need to avoid substantial and irreparable prejudice." *Id.* at 291 (quoting *Landis*, 299 U.S. at 255; *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)) (cleaned up).

> District courts in the Fifth Circuit and elsewhere
>
>> appl[y] the following factors to evaluate whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*United States ex rel. Magee v. Lockheed Martin Corp.*, No. 1:09-CV-324-HSO-JMR, 2010 WL 2816658, at *4 (July 16, 2010) (collecting cases). The parties' briefs likewise apply these factors.

The degree of overlap between the two cases is the "most important factor." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (quoting *Meyers v. Pamerleau*, No. 5:15-CV-524, 2016 WL 393552, at *6 (W.D. Tex. Feb. 1, 2016)). Plaintiffs admit "that the criminal proceeding against McCarty is based on the same conduct here" and "this factor weighs strongly in favor of staying the case." Pls. Mem. [134] at 4. Plaintiffs also concede that because McCarty has been indicted on charges stemming from the events giving rise to this lawsuit, the second factor too "weighs in favor of a stay." *Id.*; *see Bean*, 220 F. Supp. 3d at 776 ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same

conduct." (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 762 (W.D. Tex. 2008))).

But Plaintiffs argue that the remaining factors are neutral or weigh against a stay. Starting with "the burden the plaintiff[s] would bear as a result of a stay, a court 'may require [the] plaintiffs to establish more prejudice than simply a delay in [their] right to expeditiously pursue [their] claim.'" *Bean*, 220 F. Supp. 3d at 776 (quoting *Akuna Matat Invs., Ltd. v. Tex. Nom Ltd. P'ship*, No. 05-CV-1053, 2008 WL 2781198, at *3 (W.D. Tex. Apr. 14, 2008)). Plaintiffs acknowledge this authority but suggest that McCarty's delay in asking for a stay has prejudiced their "ability to obtain needed discovery." Pls. Mem. [134] at 5. McCarty offers no explanation for her delay in seeking a stay. That delay, however, appears to be immaterial to Plaintiffs' claimed prejudice. While McCarty waited four months after discovery opened to move for a stay, Plaintiffs waited three months to serve written discovery requests. And the discovery requests they finally did serve had a return date that prevented Plaintiffs from obtaining responses before their expert designation deadline. This suggests that Plaintiffs are responsible for their inability to obtain discovery to date. As to the ability to obtain discovery moving forward, following the lifting of a stay, the Court will hold a scheduling conference and reset deadlines as appropriate. Stated simply, Plaintiffs have not shown they will "suffer prejudice [from a stay] other than a delay in their right to pursue their claim." *Bean*, 220 F. Supp. 3d at 777. This factor favors a stay.

Turning to the burden on McCarty of proceeding in this civil case with the criminal indictment pending, she says denial of a stay "could impair [her] Fifth Amendment privilege against self-incrimination and compromise her theory of defense in the criminal trial." Def. Mem. [130] at 4–5. McCarty's thin argument on this point fails to "demonstrate 'more than the mere possibility of prejudice.'" *Gonzalez*, 571 F. Supp. 2d at 764 (quoting *In re Ramu Corp.*, 903

4

F.2d 312, 320 (5th Cir. 1990)). But given that McCarty has been indicted on a second-degree murder charge for the same conduct giving rise to Plaintiffs' claims and answering discovery would likely require her to invoke her Fifth Amendment privilege, the Court finds this factor favors a stay.

The interest of the Court is a neutral factor: Though "resolution of the criminal case may simplify the issues in the civil proceeding," *Navarro v. Gomez*, No. 24-CV-968, 2024 WL 4795682, at *5 (W.D. Tex. Nov. 13, 2024), this case has been pending on the Court's docket for nearly two years with very little progress toward resolution. As to the public interest, "[t]he public has an interest in both the prompt resolution of civil cases [and] the prosecution of criminal cases." *Gonzalez*, 571 F. Supp. 2d at 765 (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1242 (N.D. Okla. 2003)). "[T]he public also has an interest in protecting the constitutional rights of criminal defendants . . . ." *Bean*, 220 F. Supp. 3d at 778. Given these competing interests, the Court finds the final factor neutral.

Thus, all the factors either favor a stay or are neutral. So the Court finds that the case should be stayed pending resolution of the criminal charges against McCarty. In their response, Plaintiffs ask the Court to stay the case "*only as to McCarty* and not as to any other Defendant who did not ask for a stay or who has not joined McCarty's request." Pls. Mem. [134] at 8. No party responded to this request, and the Court believes that full briefing should inform a decision to proceed piecemeal.[3] Should Plaintiffs wish to lift the stay as to some Defendants, they may so

---

[3] McCarty's reply notes that two co-Defendants here, Willis and Land, are also criminally charged for their alleged roles in Murriel's death. Def. Reply [135] at 3. Though those Defendants have not sought a stay, the reasons supporting a stay as to the claims against McCarty may likewise apply to the claims against them.

move.[4] For now, the Court will stay the entire case. This decision moots Plaintiffs' motion for an extension of the case-management deadlines.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, McCarty's motion to stay [129] is granted, and this case is stayed until the conclusion of the criminal case against McCarty or further order of this Court. McCarty must file quarterly reports updating the Court as to the status of the criminal case against her. The first report is due by July 30, 2025, and the subsequent reports are due every 90 days. Should McCarty's criminal action resolve, she must notify the Court within 14 days. Plaintiffs' motion to amend the case-management order [126] is denied as moot.

**SO ORDERED AND ADJUDGED** this the 17th day of April, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[4] If Plaintiffs elect to file a motion to partially lift the stay, they should address the practical concerns of piecemeal discovery. Albeit in a different context, the Fifth Circuit has highlighted the challenges of proceeding in discovery against some defendants while staying the case as to others: "'It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the defendants subject to a stay] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.'" *Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)) (explaining why all discovery must be stayed pending a ruling on a motion to dismiss based on qualified immunity).